IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DHI HOLDINGS, LP, | § § | |
| Plaintiff, | § § | |
| v. | § § § | CASE NO. 4:24-cv-01270 |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE3, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-HE3; SPECIALIZED LOAN SERVICING LLC | § § § § § § § § | |
| Defendants. | § | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION**

Defendants Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-HE3, Mortgage Pass-Through Certificates, Series 2006-HE3 and Specialized Loan Servicing LLC ("Defendants") respond in opposition to *Plaintiff's Application for Emergency Ex Parte Temporary Restraining Order and Request for Hearing on Preliminary Injunction* (Dkt. 9) ("Plaintiff's Application"). The Court had previously scheduled a hearing on Plaintiff's Application for May 3, 2024 at 11:30 a.m. but now will hold a status conference at that time.

**I.    INTRODUCTION**

Plaintiff DHI Holdings, LP's claim that Texas' four-year statute of limitations bars Defendants' from foreclosing a deed of trust on real property is unlikely to succeed on the merits. The instant lawsuit represents Plaintiff's latest ill-conceived effort to avoid foreclosure. After having one unsuccessful bite at the apple in a prior lawsuit, DHI Holdings now seeks another. However, just as Defendants were able to show in the prior lawsuit, Defendants are again able to

DM1\15289786.1

show that the most recent acceleration of the loan was abandoned (in no small part due to Defendants having to defend DHI Holdings' prior lawsuit).

A more fundamental problem with DHI Holdings' renewed effort to stall foreclosure is that DHI Holdings lacks capacity to maintain this lawsuit. DHI Holdings forfeited its corporate status in Texas in February 2024, and has not reinstated it. Consequently, DHI Holdings lacks capacity to pursue its claims.

## II. FACTUAL BACKGROUND

On December 19, 2005, Dion Fleming ("Borrower") obtained a $128,475 loan from WMC Mortgage Corp. ("Lender") that is evidenced by an Adjustable Rate Note ("Note"). *See* SLS Declaration at ¶7, Exhibit 1-A, a true and correct copy of the Adjustable Rate Note obtained on December 19, 2005. To secure repayment of the Note, Borrower and Guayana I. Colwell (Borrower's spouse), granted Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as nominee for Lender, a Deed of Trust on the real property located at 11315 Harbour Lake Court, Humble, TX 77396 (the "Property"). *See* SLS Declaration at ¶8, Exhibit 1-B, a true and accurate copy of the Deed of Trust. Effective August 24, 2006, MERS assigned the Deed of Trust to Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital Inc. Trust 2006-HE3 ("Deutsche Bank"). *See* SLS Declaration at ¶9, Exhibit 1-C, a true and accurate copy of the Assignment of Deed of Trust. Deutsche Bank owns the Note and is the record holder of the Deed of Trust.

On October 4, 2016, the Property was sold at a foreclosure sale conducted by the homeowner's association to recover unpaid assessments. *See* TRO Motion, ¶ 16. Plaintiff purchased the Property for $13,000, subject to the Deed of Trust. *See id*.

SLS began servicing Borrower's loan for Deutsche Bank in February 2017. On March 24, 2017, SLS sent Borrower a notice of default and notice of intent to accelerate. *See* SLS Declaration

at ¶11, Exhibit 1-D, a true and accurate copy of the March 24, 2017 Notice of Default. On December 29, 2017, SLS's foreclosure counsel sent Borrower a notice of acceleration. *See* SLS Declaration at ¶12, Exhibit 1-E, a true and accurate copy of the Notice of Acceleration. On December 28, 2017, SLS's foreclosure counsel issued a Notice of Substitute Trustee's Sale indicating that the Property would be sold at foreclosure on February 6, 2018. *See* SLS Declaration at ¶13, Exhibit 1-F, a true and accurate copy of the Notice of Substitute Trustee's Sale.

On January 31, 2018, DHI Holdings filed a lawsuit against SLS, Deutsche Bank and others in Harris County District Court. On February 2, 2018, the District Court issued a temporary restraining order barring SLS and Deutsche Bank from proceeding with the foreclosure sale scheduled for February 6, 2018. *See* Asby Declaration at ¶4, Exhibit 2, February 2, 2018 Order entered by the Harris District Court in a prior lawsuit between the parties. On November 12, 2019, DHI Holdings and Defendants, through counsel, filed a Rule 11 Agreement pursuant to which DHI Holdings agreed that summary judgment on its statute of limitations defense to Defendants' foreclosure would enter against DHI Holdings and in favor of Defendants. *See* Asby Declaration at ¶5, Exhibit 3, Rule 11 Agreement dated November 12, 2019. On November 13, 2019, the District Court entered an Agreed Final Summary Judgment in accordance with the Rule 11 Agreement. *See* Asby Declaration at ¶6, Exhibit 4, Agreed Final Summary Judgment. DHI Holdings appealed the Agreed Final Summary Judgment to the Fourteenth Court of Appeals. On November 2, 2021, the Court of Appeals affirmed the District Court's judgment. *See* Asby Declaration at ¶7, Exhibit 5, Court of Appeals' Judgment entered in the appeal of the judgment in the prior lawsuit.

After the TRO entered on February 2, 2018, SLS sent monthly mortgage statements to Borrower indicating that Borrower could reinstate the loan by paying an amount that was significantly less than the accelerated balance. *See* SLS Declaration at ¶16, Exhibit 1-G, a true and

accurate copy of the February 1, 2018 mortgage statement. In addition, SLS sent Borrower correspondence inviting Borrower to contact SLS to discuss loss mitigation options including a repayment plan and loan modification agreement.

On October 27, 2023, SLS's foreclosure counsel sent Borrower a notice of default and notice of intent to accelerate. *See* SLS Declaration at ¶22, Exhibit 1-I, a true and correct copy of the October 27, 2023 Notice of Default. Defendants thereafter accelerated the loan balance and scheduled a foreclosure sale for March 5, 2024. DHI Holdings commenced the instant lawsuit by filing a petition and application for temporary restraining order and temporary injunction in Harris County District Court on February 29, 2024. On March 1, 2024, the District Court entered an ex parte temporary restraining order. Defendants removed the lawsuit to this court on April 5, 2024.

### III. LEGAL STANDARDS

To be entitled to a preliminary injunction, the applicant must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.* 577 F.3d 250, 252-53 (5th Cir. 2009). The Fifth Circuit has "cautioned repeatedly that a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Id*., citing *Lake Charles Diesel, Inc. v. Gen. Motors Corp.,* 328 F.3d 192, 195–96 (5th Cir. 2003). *See also Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right.").

## IV. ARGUMENT

### A. DHI Holdings Lacks Capacity to Bring Suit Against Defendants.

The "capacity to sue and legal existence are prerequisite to a party's ability to bring and maintain a lawsuit." *Northpoint Tech., Ltd v. Directv, Inc,* No. 1-09-CV-506 JRN, 2010 WL 11444098, at *2 (W.D. Tex. Oct. 25, 2010), *report and recommendation adopted in part sub nom. Northpoint Tech., Ltd. v. DirecTV Grp., Inc.*, No. 09-CV-506-JRN, 2010 WL 11444157 (W.D. Tex. Dec. 13, 2010), citing *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993) and *Roby v. Corp. of Lloyd's*, 796 F. Supp. 103, 110 (S.D.N.Y. 1992). When a limited partnership's right to do business in Texas is forfeited, the entity "may not maintain an action, suit, or proceeding in a court of this state." Tex. Bus. Orgs. Code Ann. § 153.309(a)(1); *Manning v. Enbridge Pipelines (E. Texas) L.P.*, 345 S.W.3d 718, 723 (Tex. App.—Beaumont 2001, pet. denied).

Here, DHI Holdings has forfeited its right to do business in Texas. *See* Asby Declaration at ¶3, Exhibit 1, April 30, 2024 Franchise Tax Account. Accordingly, DHI Holdings lacks capacity to maintain this action. Tex. Bus. Orgs. Code Ann. § 153.309(a)(1); *Manning*, 345 S.W.3d at 723.

### B. DHI Holdings Cannot Establish a Likelihood of Success on the Merits.

DHI Holdings contends that Defendants cannot foreclose because the four-year statute of limitations for non-judicial foreclosure has already run. TRO Motion, ¶¶ 22 -28. Specifically, DHI Holdings contends that Defendants were required to complete the non-judicial foreclosure within four years of either the notice of sale Defendants issued in February 2017 or the notice of acceleration Defendants issued in December 2017. *Id.*, ¶¶ 26-27. DHI Holdings' argument fails because Defendants abandoned the prior acceleration of the loan.

A sale of real property subject to a Deed of Trust lien must be made not later than four (4) years after the day the cause of action accrues.  Tex. Civ. Prac. & Rem. Code § 16.035(b); *Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562, 567 (Tex. 2001). When a Note is payable in "installments and is secured by a real property lien, the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment." *Boren v. U.S. Nat'l Bank Ass'n,* 807 F.3d 99, 104 (5th Cir. 2015), citing *EMC Mortg. Corp. v. Window Box Ass'n, Inc.*, 264 S.W.3d 331, 335 (Tex. App.—Waco 2008, no pet.).  If the Note contains an optional acceleration clause, the cause of action accrues "when the holder actually exercises its option to accelerate." *Holy Cross*, 44 S.W.3d at 566.  Acceleration requires both a "Notice of Intent to Accelerate" and a "Notice of Acceleration." *Id.*  Both notices must be "clear and unequivocal." *Id.*, citing *Humway v. Horizon Credit Corp.*, 801 S.W.2d 890, 892 (Tex. 1991).

It is well-established that a holder may abandon acceleration. *Holy Cross,* 44 S.W.3d at 566-67; *DeFranceschi v. Seterus, lncorp.,* 731 Fed.Appx. 309, 311 (2018).  If the acceleration of the note is abandoned by the holder before the limitations period expires, the contract is returned to its original condition, thereby "restoring the note's original maturity date" for purposes of accrual. *Boren*, 807 F.3d at 104, quoting *Khan v. GBAK Properties, Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *see also Ocwen Loan Serv. v. REOAM, L.L.C.,* No. 18-40278, 2018 WL 5930610 at *2 (5th Cir. Nov. 13, 2018). Therefore, if the holder abandons acceleration, it is no longer required to foreclose within the four-year limitations period.  *Ocwen Loan Serv.,* 2018 WL 5930610 at *2.

Acceleration of a Note's maturity may be abandoned by agreement or other actions of the parties.  *Holy Cross,* 44 S.W.3d at 566-67, citing *San Antonio Real-Estate, Bldg. & Loan Ass 'n v. Stewart*, 61 S.W. 386, 388 (Tex. 1901).  An example of "other actions" that can constitute abandonment of acceleration is "where the holder continues to accept payments without exacting

6

any remedies available to it upon declared maturity." *Residential Credit Solutions, Inc. v. Burg,* No. 01-05-00067-CV, 2016 WL 3162205, at *3 (Tex. App.—Houston [1st Dist.] June 2, 2016, no pet.); *see also Graham v. LNV Corp.,* No. 03-16--00235--CV, 2016 WL 6407306, at •3 (Tex. App.—Austin Oct. 26, 2016, pet. denied) (mem. op.) (citing cases holding that abandonment may be unilateral "so long as the borrower neither detrimentally relied on the acceleration nor objected to the abandonment of the acceleration").

In *Boren,* the Court held a holder may abandon acceleration when it "put[ s] the debtor on notice of its abandonment . . . by requesting payment on less than the full amount of the loan." 807 F.3d at 105, citing *Leonard v. Ocwen Loan Servicing, l.L.C.,* 616 Fed.Appx. 677, 680 (5th Cir. 2015) (per curium) (unpublished)).  The holder in *Boren* sent a second notice of default, which informed the borrowers that in order to cure the default, the borrowers needed to pay the amount due under the original terms of the Note and "that the bank would accelerate the maturity date of the loan if the Borens failed to pay this amount." *Id.* at 106.  The *Boren* court held that the second notice of default "unequivocally manifested an intent to abandon the previous acceleration and provided the Borens with an opportunity to avoid foreclosure if they cured their arrearage." *Id*. Thus, the statute of limitations ceased to run at the point of the second notice of default. *Id.*

Here, Defendants do not dispute that the loan was accelerated as of December 29, 2017 when Defendants' foreclosure counsel issued the Notice of Acceleration.  However, Defendants abandoned the December 2017 acceleration of the loan following DHI Holdings' commencement of a lawsuit in January 2018 wherein DHI Holdings asserted (unsuccessfully) the same statute of limitations defense to foreclosure.  Shortly following DHI Holdings' commencement of the prior lawsuit, and after DHI Holdings obtained a temporary restraining order, SLS sent monthly mortgage statements to the Borrower that indicated the amount Borrower needed to pay to reinstate the loan.  The reinstatement statement amounts in the mortgage statements were significantly less

than the accelerated balance, which was also set forth in the mortgage statements. The mortgage statements advised that "[f]ailure to bring your loan current may result in fees and foreclosure - the loss of your home." The mortgage statements also included a detachable payment coupon to enclose with a reinstatement check. The coupon noted that the reinstatement payment must be paid via certified funds. The mortgage statements thus "unequivocally manifested [Defendants'] intent to abandon the previous acceleration and provided [Borrower] with an opportunity to avoid foreclosure if [he] cured [the] arrearage." *Boren*, 807 F.3d at 106; *PHH Mortg. Corp. v. Aston as Tr. for Polo Meadow Tr.*, No. 01-21-00057-CV, 2022 WL 3363196, at *6 (Tex. App.—Houston [1st Dist.] Aug. 16, 2022, pet. denied) ("Other courts, however, have found similar language to be an unequivocal manifestation of the intent to abandon a prior acceleration."). In addition, SLS sent Borrower a letter in June 2018, wherein SLS invited Borrower to contact SLS to discuss loss mitigation options including a repayment plan or a loan modification. *See* SLS Declaration at ¶18, Exhibit 1-H, a true and accurate copy of the June 28, 2018 letter. Once again, Defendants unambiguously conveyed to Borrower that he could pay less than the accelerated balance of the loan to avoid foreclosure. Finally, in October 2023, Defendants' foreclosure counsel sent Borrower a new Notice of Default and Intent to Accelerate. Like *Boren*, the new Notice of Default advised Borrower of Defendants' "intent to accelerate the maturity of the Loan, declare the entire balance of the Loan due and payable without further demand, and proceed to foreclose and sell the Property under the terms of the Deed of Trust at a non-judicial foreclosure sale" if the default was not cured. Such language shows Defendants' unequivocal intent to abandon the prior acceleration and provided Borrower with yet another opportunity to avoid foreclosure.

Because Defendants abandoned acceleration, the statute of limitations ceased to run following the December 29, 2017 Notice of Acceleration. Therefore, DHI Holdings' contention that the lien is void due to the expiration of the statute of limitations is without merit.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Application for Temporary Restraining Order and Preliminary Injunction.

May 2, 2024

Respectfully submitted,

DUANE MORRIS LLP

/s/ *Cameron J. Asby*
Cameron J. Asby
Texas Bar No. 24078160
CJAsby@duanemorris.com
1300 Post Oak Blvd., Suite 1500
Houston, TX  77056-3166
Tel.:   (713) 402-3900
Fax:   (713) 402-3901

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that service of a true and correct copy of the foregoing document was served on counsel of record via ECF on this 2nd day of May 2024.

/s/ *Cameron J. Asby*
Cameron J. Asby