IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DHI HOLDINGS, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CASE NO. 4:24-cv-01270 |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE3, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-HE3; SPECIALIZED LOAN SERVICING LLC | § § § § § § § | |
| Defendants. | § | |

**<u>DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>**

**I.  PLAINTIFF LACKS CAPACITY TO MAINTAIN THIS LAWSUIT**

In its motion for summary judgment, Defendants argued that Plaintiff lacks capacity to maintain this lawsuit because it forfeited its right to do business in Texas.  In its opposition, Plaintiff does not dispute that it forfeited its right to do business.  Instead, Plaintiff argues that owning property in Texas gives Plaintiff "legal standing to contest the validity of a deed of trust . . . ." [Dkt. 19, p. 25 (citations omitted).]  Therefore, Plaintiff argues, it "does not have to register to do business in Texas to maintain this lawsuit since the lawsuit arises out of Plaintiff's ownership of the Property." *Id.* (citations omitted).  "Plaintiff's argument confuses the concepts of standing and capacity."  *Hofrock v. Fed. Nat'l Mortg. Ass'n*, No. A-13-CV-1013 LY, 2014 WL 12586366, at *5 (W.D. Tex. Mar. 18, 2014), *report and recommendation approved*, No. A-13-CV-1013-LY, 2014 WL 12586757 (W.D. Tex. May 9, 2014).

As a threshold matter, Plaintiff ignores the statute upon which Defendants rely.  Tex. Bus. Orgs. Code Ann. § 153.309(a)(1) provides that when a limited partnership's right to do business in Texas is forfeited, the entity "may not maintain an action, suit, or proceeding in a court of this state."  In contrast, the statute permits forfeited limited partnerships to ***defend*** "an action, suit, or proceeding in a court of this state." Tex. Bus. Orgs. Code Ann. § 153.309(b)(2).  The statute is unambiguous, as are the authorities interpreting it.  *See, e.g.*, *Manning v. Enbridge Pipelines (E. Texas) L.P.*, 345 S.W.3d 718, 723 (Tex. App.—Beaumont 2001, pet. denied) ("If its right to transact business in the state is forfeited, a limited partnership 'may not maintain an action, suit, or proceeding in a court of this state [.]"), quoting Tex. Bus. Orgs. Code Ann. § 153.309(a)(1).

Plaintiff cites to Tex. Bus. Orgs. Code Ann. § 9.251(15) for the proposition that "owning, without more, real or personal property in this state" does not constitute doing business in Texas. [Dkt. 19, p. 21.]  That statute is of no help to Plaintiff because it only defines what "transacting business" means; it does not define who has the capacity to sue in Texas.  Although owning real

property in Texas may not constitute transacting business, Tex. Bus. Orgs. Code Ann. § 153.309(a)(1) unequivocally states that a limited partnership that has forfeited its right to transact business in Texas – which Plaintiff undisputedly has – "may not maintain an action, suit, or proceeding in a court of this state."

The authorities cited in Plaintiff's opposition are of no help to Plaintiff either. In *Hofrock*, the plaintiff-borrower challenged a state court foreclosure order on the basis that the original lender had forfeited its corporate status in Texas. In rejecting the plaintiff's lack-of-capacity argument, the *Hofrock* court noted that the foreclosing entity had acquired its interest from a registered entity, not the forfeited entity. *Id.* at *6. The *Hofrock* court was not called on to address whether Tex. Bus. Orgs. Code Ann. § 153.309(a)(1) prohibits a forfeited limited partnership from maintaining a lawsuit. Likewise, the court in *Morlock, L.L.C. v. Nationstar Mortg., L.L.C.*, was not called on to address whether the plaintiff, a limited liability company, had capacity to sue under Tex. Bus. Orgs. Code Ann. § 153.309(a)(1). Indeed, the forfeiture issue was not even discussed. Rather, the *Morlock* court addressed whether the plaintiff had standing to sue. 447 S.W.3d 42, 45 (Tex. App. 2014).

Finally, Plaintiff erroneously argues that Defendants waived the forfeiture argument because they did raise the issue in a verified motion to abate or plea in abatement and instead raised the issue "for the first time" in their summary judgment motion. [Dkt. 19, p. 19] As a preliminary matter, Defendants have raised the issue of Plaintiff's forfeited status multiple times before moving for summary judgment. First, defense counsel raised the issue with Plaintiff's counsel during a phone call on April 3, 2024 in the context of discussing Defendants anticipated removal of the action from state court to this Court. Next, Defendants specifically denied that Plaintiff has capacity to sue in their answer to the complaint. [Dkt. 4, ¶ 1 ("Defendants deny that Plaintiff has

2

capacity to bring suit against Defendants. A review of the Texas Secretary of State's website indicates that Plaintiff forfeited its right to transact business in Texas on or about February 23, 2024 and therefore cannot maintain this suit. *See* Tex. Bus. Org. Code § 153.309.")] Defendants again noted Plaintiff's forfeited status in their opposition to Plaintiff's motion for a temporary restraining order. [Dkt. 14, p. 5] Thus, Defendants' motion for summary judgment is the fourth time (in 3 months) that Defendants have pointed out that Plaintiff forfeited its capacity to maintain this lawsuit.

Further, federal courts in Texas do not require a defendant to raise the capacity defense via a motion to abate or plea in abatement. *See Rust v. Bank of Am., N.A.*, No. A-13-CA-078-SS, 2013 WL 12098739, at *2 (W.D. Tex. Sept. 13, 2013), *aff'd*, 573 F. App'x 343 (5th Cir. 2014) (addressing lack-of-capacity argument at the summary judgment stage). In any event, the record is clear that Defendants raised the forfeiture issue early and often in this case. Plaintiff has had many opportunities to cure its forfeiture, but has failed to do so. Accordingly, Defendants are entitled to summary judgment because Plaintiff does not have capacity to maintain this lawsuit.

## II. DEFENDANTS UNEQUIVOCALLY ABANDONED ACCELERATION OF THE LOAN

It is undisputed that, following the December 29, 2017 Notice of Acceleration, Defendants sent monthly billing statements to the Borrower which expressly gave Borrower the opportunity to cure his default without requiring him to pay the full accelerated balance. Specifically, each monthly statement issued from and after February 18, 2018: (1) stated the reinstatement amount; (2) advised that payment of the reinstatement amount would reinstate the Loan as of the date thereof; and (3) requested the Borrower to make payment. Thus, Defendants unequivocally expressed their intent to withdraw or revoke their option to accelerate payment by demanding only the accrued monthly payments. *Ocwen Loan Servicing, L.L.C. v. REOAM, L.L.C.*, 755 F. App'x

3

354, 359 (5th Cir. 2018) ("*REOAM*") (explaining that a lender's notice to a borrower in monthly statements that the loan can be brought current by payment of amount in arrears rather than the full accelerated amount is sufficient to constitute abandonment). As in *REOAM*, Defendants also made it clear to the Borrower that they had abandoned or waived the previous acceleration of the debt by giving the Borrower the opportunity to bring the Loan current by paying only the past due amounts owed under the terms of the Note and Deed of Trust, not the full accelerated principal balance. As a result, with the sending of the February 19, 2018 monthly statement, and each successive monthly statement, the Note was restored to its original terms because Defendants abandoned the acceleration by merely seeking the amounts owed under the Loan at that time. *Id.* 755 F. App'x at 356–57 ("In other words, if the noteholder informs the borrower that the loan can be brought current by payment of the amount due under the original terms of the loan rather than the full accelerated amount, such notice is sufficient to 'unequivocally manifest[ ] an intent to abandon the previous acceleration" meaning that the limitations period triggered by the acceleration ceases to run.'"), quoting *Boren v. U.S. Nat't Bank Ass'n*, 807 F.3d 99, 105 (5th Cir. 2015); *accord Clawson v. Ocwen Loan Servicing, LLC*, No. 3:18-CV-00080, 2019 WL 1141526, at *3 (S.D. Tex. Feb. 21, 2019). *Cf. Swoboda v. Ocwen Loan Servicing, LLC*, 579 S.W.3d 628, 635 (Tex. App. 2019) (denying lender's summary judgment motion because the "nothing in the statement actually requests a payment from [the borrower], which is the basis of the Fifth Circuit's rule.").

Further, it is undisputed that after Plaintiff obtained a TRO in the 2018 lawsuit, Defendants serviced the loan in its usual course of business and with the intent to abandon the acceleration at least until the lawsuit was resolved. *See* SLS Declaration at ¶16, Exhibit 1-G. In addition to sending monthly statements offering to allow the Borrower to reinstate the Loan, Defendants sent

4

multiple letters to the Borrower inviting Borrower to explore loss mitigation options, e.g. a repayment plan. The escrow disclosure statements and interest rate change notices likewise corroborate Defendants' position that they abandoned acceleration of the Loan and resumed servicing the Loan in the ordinary course after Plaintiff filed its first lawsuit in January 2018. In contrast, Plaintiff offers zero evidence that Defendants treated the Loan as accelerated after Plaintiff filed its initial lawsuit in January 2018, up until Defendants issued a new notice of acceleration in October 2023. *See Langlois v. US Bank NA as Tr. for Credit Suisse First Bos. Mortg. Sec. Corp Home Equity Asset Tr. 2006-6, Home Equity Pass-Through Certificates, Series 2006-6*, No. 3:20-CV-02867-S-BT, 2022 WL 585152, at *3 (N.D. Tex. Feb. 1, 2022), *report and recommendation adopted*, No. 3:20-CV-2867-S-BT, 2022 WL 581820 (N.D. Tex. Feb. 24, 2022) (granting summary judgment for lender and noting plaintiff's failure to offer any evidence to counter lender's evidence that prior acceleration had been abandoned and new acceleration had taken place outside of four-year limitations period).

Because Defendants abandoned acceleration, the statute of limitations ceased to run following the December 29, 2017 Notice of Acceleration. Therefore, Plaintiff's contention that the lien is void due to the expiration of the statute of limitations is without merit. Defendants are entitled to summary judgment on Plaintiff's claims.

| | |
|---|---|
| June 25, 2024 | Respectfully submitted, |

DUANE MORRIS LLP

/s/ *Cameron J. Asby*
Cameron J. Asby
Texas Bar No. 24078160
Federal ID. 2742509
CJAsby@duanemorris.com
1300 Post Oak Blvd., Suite 1500
Houston, TX  77056-3166
Tel.:    (713) 402-3900
Fax:    (713) 402-3901

**ATTORNEY FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I hereby certify that service of a true and correct copy of the foregoing document was served on counsel of record via ECF on this 25th day of June 2024.

/s/ *Cameron J. Asby*
Cameron J. Asby