United States District Court
Southern District of Texas
**ENTERED**
July 30, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DHI HOLDINGS, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | |
| CO., as trustee for MORGAN | § | CIVIL ACTION NO. H-24-1270 |
| STANLEY ABS CAPITAL I INC. | § | |
| TRUST 2006-HE3, MORTGAGE | § | |
| PASS-THROUGH CERTIFICATES, | § | |
| SERIES 2006-HE3, and | § | |
| SPECIALIZED LOAN SERVICING LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

DHI Holdings, LP ("Plaintiff") filed this action challenging a scheduled foreclosure of real property.[1] Pending before the court are Defendants' Motion for Summary Judgment ("Defendants' MSJ") (Docket Entry No. 17) and Plaintiff's Response to Defendants' Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment ("Plaintiff's MSJ") (Docket Entry No. 19). As a

---

[1] Plaintiff's Original Petition and Application for Temporary Restraining Order and Temporary Injunction ("Petition"), Exhibit A to Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-HE3 and Specialized Loan Servicing LLC's Notice of Removal ("Notice of Removal"), Docket Entry No. 1-1, p. 10 ¶ 40. Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-HE3, Mortgage Pass-Through Certificates, Series 2006-HE3, and Specialized Loan Servicing, LLC are hereinafter referred to respectively as "Deutsche Bank" and "SLS" and collectively as "Defendants." All page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

threshold matter, Defendants challenge Plaintiff's capacity to bring this action. Because limited partnerships that forfeit the right to transact business in Texas cannot bring actions in Texas courts, the action will be stayed until Plaintiff shows that it has revived its right to transact business in Texas, until the parties settle the action, or until Defendants waive the capacity defect.

## I. Background

Plaintiff brought this action to prevent a foreclosure sale that Defendants scheduled for March 5, 2024, and to challenge Defendants' Deed of Trust.[2] Defendants removed the action to this court.[3] Although Plaintiff initially sought emergency injunctive relief, the court set an expedited summary judgment schedule, and Defendants agreed to wait until disposition of the summary judgment motions to pursue a foreclosure sale.[4] Defendants filed their MSJ, Plaintiff responded and filed its MSJ, and Defendants replied.[5] Defendants argue that Plaintiff cannot bring an action in Texas, having forfeited its right to transact business in the state.[6] On

---

[2] Id. at 11 (Prayer for Relief).

[3] Notice of Removal, Docket Entry No. 1, p. 1.

[4] Plaintiff's Application for Emergency Ex Parte Temporary Restraining Order and Request for Hearing on Preliminary Injunction, Docket Entry No. 9, p. 10; Hearing Minutes and Order, Docket Entry No. 15, p. 1.

[5] Defendants' MSJ, Docket Entry No. 17; Plaintiff's MSJ, Docket Entry No. 19; Defendants' Reply in Support of Motion for Summary Judgment, Docket Entry No. 20.

[6] Defendants' MSJ, Docket Entry No. 17, p. 10.

the merits, the parties dispute whether the statute of limitations to foreclose has expired and, in particular, whether Defendants abandoned their prior acceleration of the loan in question.[7]

## II. Legal Standard

"The [Texas] secretary of state may require . . . a foreign limited partnership registered to transact business in this state . . . to file a report not more than once every four years[.]" Tex. Bus. Orgs. Code § 153.301. The report is for maintaining basic information about the partnership such as its name and address. See Tex. Bus. Orgs. Code § 153.302(a)(1)(A)-(E). A "foreign limited partnership that fails to file a report . . . when the report is due forfeits the limited partnership's right to transact business in this state." Tex. Bus. Orgs. Code § 153.307(a). A partnership that forfeits the right to transact business in the state "may not maintain an action, suit, or proceeding in a court of this state[.]" Tex. Bus. Orgs. Code § 153.309(a)(1).

Although this action has been removed to federal court, the capacity-to-sue law applies. See Sun Packing, Inc. v. XenaCare Holdings, Inc., 924 F. Supp. 2d 749, 754 (S.D. Tex. 2012) ("Any valid state law closing its courts to a foreign corporation which is not qualified to do business in the state must, therefore, be given effect in the federal courts of such state in a case based

---

[7]Id. at 11; Plaintiff's MSJ, Docket Entry No. 19, pp. 10-11.

solely on diversity or alienage jurisdiction."); <u>Woods v. Interstate Realty Co.</u>, 69 S. Ct. 1235, 1236 (1949) (holding that a similar Mississippi law barred a Tennessee corporation from suing in a Mississippi federal court).

### III. **Plaintiff's Capacity to Bring This Action**

Defendants argue that they "are entitled to summary judgment because Plaintiff does not have capacity to bring its suit."[8] Plaintiff does not dispute that its right to transact business in Texas has been forfeited. Plaintiff instead argues that Defendants have waived the capacity issue, that it may maintain this action without registering because the action does not arise out of the transaction of business in Texas, and that the proper remedy is abatement of the action to allow Plaintiff to cure the defect.[9]

**A.  Whether Defendants Have Waived the Capacity Argument**

Plaintiff argues that "[a] challenge to a plaintiff's right to maintain the suit in the capacity in which he sues is properly raised by verified motion to abate or plea in abatement, or else it is waived."[10] Plaintiff has cited Texas cases that support this position. <u>Duradril, L.L.C. v. Dynomax Drilling Tools, Inc.</u>, 516 S.W.3d 147, 157 (Tex. App.—Houston [14th Dist.] 2017); <u>see also</u>

---

[8] Defendants' MSJ, Docket Entry No. 17. p. 11.

[9] Plaintiff's MSJ, Docket Entry No. 19, pp. 23-25.

[10] <u>Id.</u> at 24.

Cognata v. Down Hole Injection, Inc., 375 S.W.3d 370, 376 (Tex. App.—Houston [14th Dist.] 2012).  But Plaintiff cites no authority applying this state procedural limitation to an action brought in federal court.  Federal Rule 9(a)(2) states that "[t]o raise [the issue of a party's capacity to sue], a party must do so by specific denial, which must state any supporting facts that are peculiarly within the party's knowledge."  Fed. R. Civ. P. 9(a)(2).  Defendants denied in their Answer that Plaintiff has capacity to sue, citing § 153.309 and stating that, per the Texas Secretary of State's website, Plaintiff forfeited its right to transact business in Texas on February 23, 2024.[11]  Moreover, Defendants' grouping of the issue with their summary judgment briefing is reasonable in light of the case's expedited timeline.  The court is persuaded that Defendants have not waived their capacity argument.

**B.   Whether Plaintiff May Sue Without Curing the Defect**

Plaintiff argues that it "does not have to register to do business in Texas to maintain this lawsuit" because "[t]he Business Organizations Code defines specific activities and circumstances which expressly <u>do not</u> constitute 'doing business' in Texas, including 'owning, without more, real or personal property in this state.'"[12]  But § 153.309(a)(1) states that a limited partnership

---

[11]Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. 2006-HE3 and Specialized Loan Servicing LLC's Original Answer ("Answer"), Docket Entry No. 4, p. 2 ¶ 1.

[12]Plaintiff's MSJ, Docket Entry No. 19, pp. 24-25 (citing Tex. Bus. & Comm. Code § 9.251 (15)) (emphasis in original).

that forfeits its right to transact business in the state "may not maintain an action, suit, or proceeding in a court of this state[.]" Tex. Bus. Orgs. Code Ann. § 153.309(a)(1). The statute's effect is not limited to certain types of claims; it imposes on the partnership a general bar on bringing actions in Texas courts.

This conclusion is reinforced by comparison to § 153.309(a)(2), which states that "a successor or assignee of the limited partnership may not maintain an action, suit, or proceeding in a court of this state <u>on a right, claim, or demand arising from the transaction of business by the limited partnership in this state.</u>" Tex. Bus. Orgs. Code § 153.309(a)(2) (emphasis added). If § 153.309(a)(1) was likewise intended to only affect actions arising out of the partnership's business in Texas, it would include the underlined language or something similar. The court is persuaded that Plaintiff cannot maintain this action unless and until it revives its right to transact business in Texas.

## C.   The Proper Remedy

Defendants ask the court to dismiss Plaintiff's claims with prejudice.[13] Plaintiff argues that the proper remedy would be to stay the action until it cures the defect.[14]

The statute bars the maintenance of actions "[u]nless the right of the limited partnership is revived[,]" and nothing in the

---

[13]Defendants' MSJ, Docket Entry No. 17, p. 16.

[14]Plaintiff's MSJ, Docket Entry No. 19, p. 25.

statute extinguishes the partnership's claims. Tex. Bus. Orgs. Code § 153.309(a). The remedy employed by Texas courts is to stay the action until the plaintiff has cured the capacity defect, and Defendants have cited no cases in which a court instead dismissed claims with prejudice. See Hunt v. City of Diboll, 574 S.W.3d 406, 435 (Tex. App.—Tyler 2017) ("This rule favors abatement over dismissal because abatement affords corporations an opportunity to cure the defect.").[15]

However, the court is concerned that granting a stay with no time limit could set a precedent rewarding foreclosure plaintiffs for failing to comply with § 153.301 and similar provisions. Exercising its discretion, the court will therefore enter a 90-day stay and thereafter dismiss the action without prejudice if Plaintiff has not cured the defect. In the meantime, the court encourages the parties to consider settling the case. If the parties agree, the court can refer them to a magistrate judge for a settlement conference. The stay will terminate if Plaintiff cures the defect, if the parties settle the case, or if Defendants waive the capacity-to-sue defect. If Defendants choose to waive the defect, the court will promptly rule on the parties' summary judgment motions.

---

[15]Duradril, 516 S.W.3d at 157 (same); 1st and Trinity Super Majority, LLC v. Milligan, 657 S.W.3d 349, 362 (Tex. App.—El Paso 2022) (same); Corporate Realty Associates v. Dun & Bradstreet, Inc., No. A-16-CA-921-LY-ML, 2016 WL 10968671, at *4 (W.D. Tex. Sept. 28, 2016) (Report and Recommendation) (recommending stay where plaintiff had failed to register to do business in Texas).

## IV. Conclusion and Order

Because Plaintiff has forfeited its right to transact business in Texas, Tex. Bus. Orgs. Code § 153.309(a)(1) bars Plaintiff from bringing this action. This case is therefore **STAYED** for 90 days or until Plaintiff shows that it has revived its right to transact business in Texas, until the parties settle the action, or until Defendants waive the capacity defect.

**SIGNED** at Houston, Texas, on this the 30th day of July, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE